# EXHIBIT 2

| | | |
|---|---|---|
| LARRY RONALD WATTS<br>2815 Onyx Road<br>Parkville, MD 21234 | * | IN THE |
| | * | CIRCUIT COURT |
| *Plaintiff* | * | FOR |
| vs. | * | BALTIMORE COUNTY |
| HARBOR FREIGHT TOOLS USA, INC<br>3491 Mission Oaks Boulevard<br>Camarillo, California 93012 | * | CASE NO.: _____ |
| | * | |
| Serve on: | * | |
| CORPORATE CREATIONS<br>NETWORK INC.<br>Resident Agent<br>2 Wisconsin Circle, Unit 700<br>Chevy Chase, Maryland 20815 | * | |
| *Resident Agent* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

*NOW COMES PLAINTIFF*, LARRY RONALD WATTS, by and through counsel, John Grason Turnbull III, and Turnbull Brockmeyer Law Group, and sues Defendant HARBOR FREIGHT TOOLS, in tort, and respectfully represent as follows:

### Preamble

1. Plaintiff LARRY RONALD WATTS resides at 2815 Onyx Road, Parkville, MD 21234.

2. Defendant HARBOR FREIGHT TOOLS USA, INC. ("Harbor Freight") was, at all relevant times a business based in Camarillo, California, registered and licensed to do business in the state of Maryland, which owned, leased, and/or operated the real property and premises at issue, namely Harbor Freight Tools Store #166, located at 8884 Waltham Woods Road, Parkville, Maryland 21234.

3. Defendant is licenced to and regularly conducts business in Baltimore County, Maryland, and jurisdiction and venue are proper pursuant to MD. CODE ANN. CTS. & JUD. PROC. §6-202.

## COUNT I (Negligence - Personal Injury)

4. Plaintiff incorporates by reference Paragraphs One (1) through Three (3) of this complaint as if fully set forth herein.

5. On or about May 30, 2019, at approximately 10:30 a.m., Plaintiff, a business invitee, was lawfully and property present on the premises of Harbor Freight's Store #166 in Parkville, Maryland.

6. On or about the same time, Plaintiff, in a wheelchair, was trying to reach a container on the bottom shelf of a pallet rack of boxes and containers. Before Plaintiff could reach the container, a total of eight heavy plastic boxes from a higher shelf started falling off, striking Plaintiff's head, chest, back, and left elbow with great force. While Plaintiff was waving his right arm to try to stop the boxes from hitting him, he felt a pop in his right biceps--he moved his right arm so quickly that he torn his biceps. Plaintiff had several cuts in his body after being stricken by the boxes and started bleeding in his wheelchair.

7. Defendant, acting by and through their agents, servants and employees, failed to prevent the heavy boxes on the shelf from falling off, improperly stacked and stored the boxes on the shelf, failed to warn Plaintiff of the dangerous conditions, and was in other respects careless and negligent.

8. Defendant, acting by and through their agents, servants and employees, knew or had reason to know that the boxes were not properly stacked and had reason to know that a dangerous condition existed.

9. Defendant, acting by and through their agents, servants and employees, knew or should have known through the exercise of due diligence of the existence of the improperly stacked and stored boxes and the lack of proper warning in the store, and of their otherwise unreasonably dangerous condition; and knew or should have known that Plaintiff and others similarly situated would be walking by the shelves or reaching boxes and containers from the shelves, and the said defect posed an unreasonable risk of harm to business invitees, such as Plaintiff, who were properly present on the premises.

10. Defendant, acting by and through their agents, servants and employees, breached the duties owed to Plaintiff by, inter alia, failing to use reasonable and ordinary care to maintain the premises in a safe condition for the benefit of those that came upon the premises; failing to post notices or otherwise warn the public and Plaintiff of dangers that Defendant knew or should have known existed; and failing to inspect the premises for safety hazards.

11. Solely as a result of Defendant's failure to properly stack and store the boxes on its shelves and to warn Plaintiff of the dangerous condition, Plaintiff was stricken with great force by a total of eight heavy boxes and suffered and still suffer severe injuries and damages to his person.

12. Plaintiff was not in any way negligent or contributorily negligent.

13. As a direct and proximate result of the aforesaid acts of negligence, Plaintiff was caused to suffer and sustain severe, painful and permanent injuries about his head, neck, back, left and right arms and left hand and was caused to suffer mental anguish, and as a result thereof he was caused to be treated and cared for by physicians extensively, incurring a great medical expense and lost wages therefrom, and he will be caused to be treated and to incur future medical expenses indeterminately, and that he was, is and will be otherwise hurt, injured, hindered and handicapped in his normal pursuits, endeavors, occupations and routines.

WHEREFORE, this suit is brought and Plaintiff, Larry Ronald Watts, demands judgment against Defendant, Harbor Freight Tools, for compensatory damages in excess of SEVENTY FIVE THOUSAND DOLLARS ($75,000.00), plus interest and costs, and such other and further relief as may be appropriate.

Respectfully Submitted,

John Grason Turnbull III
Turnbull Brockmeyer Law Group
401 Allegheny Avenue
Towson, Maryland 21204
T - 410-321-8860
F - 410-321-8861
JT@TBLawMaryland.com
CPF# 9911040003

*Counsel for Plaintiff*